# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHELLY GABAY, on behalf of herself and all others similarly situated, | Civil Case No.:_____ |
| Plaintiff(s), | **CIVIL ACTION** |
| -against- | **CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |
| MIDLAND CREDIT MANAGEMENT, INC.; and JOHN DOES 1-25. | |
| Defendant(s). | |

Plaintiff, SHELLY GABAY, on behalf of herself and all others similarly situated (hereinafter "Plaintiff") by and through her undersigned attorney, alleges against the above-named Defendants, MIDLAND CREDIT MANAGEMENT, INC. (hereinafter "MIDLAND"); and John Does 1-25, collectively ("Defendants") their employees, agents, and successors the following:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for damages and declaratory relief arising from the Defendant's violation of 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3. Venue is proper in this district under 28 U.S.C. §1391(b)(2) because the acts and transactions that give rise to this action occurred, in substantial part, in this district.

## DEFINITIONS

4. As used in reference to the FDCPA, the terms "creditor," "communication" "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## PARTIES

5. The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

6. Plaintiff is a natural person, a resident of Essex County, New Jersey and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7. MIDLAND has a business location at 8875 Aero Drive, Suite 200, San Diego, California 92123.

8. Upon information and belief, Defendant MIDLAND is a business that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9. MIDLAND is a "debt collector" as that term is defined by 15 U.S.C. §1692(a)(6).

10. John Does 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ACTION ALLEGATIONS

11. Plaintiff brings this action as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of herself and all consumers and their successors in interest (the "Class"), who were sent debt collection letters and/or notices from the Defendant which are in violation of the FDCPA, as described in this Complaint.

12. This Action is properly maintained as a class action. The Class is initially defined as:

All New Jersey consumers who were sent letters and/or notices from MIDLAND, concerning a debt owed to MIDLAND FUNDING, LLC which originated with FIA CARD SERVICES, N.A. and which contained at least one of the alleged violations of 15 U.S.C. § 1692 *et seq.* herein. The Class period begins one year to the filing of this Action.

The class definition may be subsequently modified or refined.

13. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that was sent to hundreds of persons (*See* **Exhibit A**, except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 redacted the financial account numbers and/or personal identifiers in an effort to protect Plaintiff's privacy);
- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:
    a. Whether Defendant violated various provisions of the FDCPA;

    b.    Whether Plaintiff and the Class have been injured by Defendants' conduct;

    c.    Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d.    Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as

      monetary damages. If Defendant's conduct is allowed to proceed without remedy, they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## FACTUAL ALLEGATIONS

14. Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

15. MIDLAND collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and Internet.

16. MIDLAND is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

17. Sometime prior to October 2, 2015, Plaintiff allegedly incurred a financial obligation to FIA CARD SERVICES, N.A. ("FIA").

18. FIA is a "creditor" as defined by 15. U.S.C. § 1692a(4).

19. Sometime before October 2, 2015, FIA, either directly or through intermediate transactions assigned, placed, or transferred the FIA obligation to MIDLAND FUNDING, LLC ("MIDLAND FUNDING").

20. At the time the FIA obligation was assigned, placed, or transferred to MIDLAND FUNDING, such obligation was in default.

21. On or about October 2, 2015, MIDLAND FUNDING, either directly or through intermediate transactions assigned, placed, or transferred the FIA obligation to MIDLAND for the purpose of collection.

22. At the time the FIA obligation was assigned, placed, or transferred to MIDLAND, such obligation was in default.

23. MIDLAND, caused to be delivered to Plaintiff a letter dated October 2, 2015 concerning the alleged FIA obligation, which sought a balance of $14,103.47.  A copy of said letter is annexed hereto as **Exhibit A** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers and/or personal identifiers in an effort to protect Plaintiff's privacy.

24. The October 2, 2015 letter was sent or caused to be sent by persons employed by MIDLAND as a "debt collector" as defined by 15 U.S.C. § 1692a(6).

25. The October 2, 2015 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

26. Upon receipt, Plaintiff read the October 2, 2015 letter.

27. The alleged FIA obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, were primarily for personal, family or household purposes.

28. The October 2, 2015 letter offered Plaintiff several repayment options on the FIA obligation:

- Option 1: Resolve the account and pay only $8,462.08!
  With this option, SAVE $5,641.38 if you pay by 11-16-15.

- Option 2: Make 12 monthly payments of $881.46.
  That's 25% off your current balance due.

29. The October 2, 2015 letter also stated that:

- If these options don't work for you, call one of our Account Managers at (855) 977-1969 to set up a payment plan that works for you.  Some plans start as low as $50 a month.

30. In addition, the October 2, 2015 letter stated that:

- Due to the age of this debt, this is not being reported on your credit report and payment or non-payment of this debt will not affect your credit score.

31. The applicable statute of limitations related to the FIA obligation expired prior to October 2, 2015.

32. The October 2, 2015 letter does not inform Plaintiff that should she choose to accept any of MIDLAND's offers to make multiple payments that the applicable statute of limitations could reset or begin anew.

33. The October 2, 2015 letter does not inform Plaintiff that should the applicable statute of limitations reset or begin anew, MIDLAND FUNDING or a subsequent creditor may have the right commence legal action, which otherwise would have been barred.

34. The October 2, 2015 letter does not clearly inform Plaintiff that the applicable statute of limitations has expired and therefore any potential liability related to the FIA obligation has also already expired.

35. The January 21, 2015 letter does not advise that MIDLAND FUNDING or a subsequent creditor could or would sue on a defaulted monthly payment option.

36. MIDLAND regularly collects or attempts to collect debts which are time-barred.

37. MIDLAND regularly sends letters seeking to collect debts, which are time-barred, that offer monthly payment plans.

38. MIDLAND regularly sends letters seeking to collect debts, which are time-barred, that offer monthly payment plans, and do not inform the consumer that the applicable statute of limitations could reset or begin anew upon making the first monthly payment or by entering into an agreement to repay.

39. MIDLAND regularly sends letters seeking to collect debts, which are time-barred, that offer monthly payment plans, and do not inform the consumer that the applicable statute of

limitations could reset or begin anew, which could allow the current or subsequent creditor the option of commencing legal action, which otherwise would be barred by the applicable statute of limitations.

    40.    The Federal Trade Commission has determined that "most consumers do not know their legal rights with respect to collection of old debts past the statute of limitations... When a collector tells a consumer that she owes money and demands payment, it may create the misleading impression that the collector can sue the consumer in court to collect that debt." (http://www.ftc.gov/opa/2012/01/asset.shtm) The FTC entered into a consent decree with Asset Acceptance, one of the largest debt buyers in the United States, requiring that it disclose to consumers when it is attempting to collect debts that are time-barred by the statute of limitations. <u>United States of America (For the Federal Trade Commission) v. Asset Acceptance, LLC</u>, Case No.; 8:12-cv-182-T-27EAJ 9M.D.Fla).

## **POLICIES AND PRACTICES COMPLAINED OF**

    41.    It is MIDLAND's policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

    (a)    Using false, deceptive or misleading representations or means in connection with the collection of a debt;

    (b)    By making false representations of the character or legal status of a debt; and

    (c)    Using unfair or unconscionable means to collect or attempt to collect any debt.

    42.    On information and belief, MIDLAND has sent written communications, in the form annexed hereto as Exhibit A to at least 30 natural persons in the State of New Jersey.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

43. Plaintiff, on behalf of herself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

44. Collection letters and/or notices, such as those sent by the Defendant, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

45. Defendant's offers of monthly payment plans would cause the least sophisticated consumer to be confused as to whether the debt was still legally enforceable.

46. Defendant's offers of monthly payment plans would cause the least sophisticated consumer to be confused as to the possible consequences of accepting and/or entering into a monthly payment plan.

47. The form, layout and content of Defendant's letter would cause the least sophisticated consumer to be confused about his or her rights and the consequences of entering into a monthly payment plan.

48. Defendants' attempt to entice Plaintiff and others similarly situated into a monthly payment plan without explaining the possible consequences of doing so would cause the least sophisticated consumer to be confused about his or her rights and the consequences of entering into such a payment plan.

49. MIDLAND engaged in false, deceptive, or misleading representations or means in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10).

50. MIDLAND engaged in unfair or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. § 1692f.

51. By failing to advise Plaintiff and others similarly situated that the applicable statute of limitations could be revived or begin anew, MIDLAND engaged in false, deceptive, or

misleading representations or means in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10).

52. By failing to advise Plaintiff and others similarly situated that the applicable statute of limitations could be revived or begin anew, MIDLAND engaged in unfair or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. § 1692f.

53. By failing to advise Plaintiff and others similarly situated of the possible consequences of defaulting on a monthly payment plan, Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(10) and 1692f.

54. Defendant violated 15 U.S.C. § 1692e of the FDCPA in connection with its communications to Plaintiff and others similarly situated.

55. Defendant violated 15 U.S.C. § 1692e of the FDCPA by using any false, deceptive or misleading representation or means in connection with its attempts to collect debts from Plaintiff and others similarly situated.

56. Section 1692e(2)(A) of the FDCPA prohibits a debt collector from making a false representation of the character, amount or legal status of a debt.

57. Defendants violated 15 U.S.C. § 1692e(2)(A) by making false representations of the character and legal status of the debt.

58. Section 1692e(10) of the FDCPA prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

59. Defendants violated 15 U.S.C. § 1692e(10) by attempting to entice Plaintiff and others similarly situated into entering into a monthly payment plan without explaining the possible consequences of doing so.

60. Defendants' conduct as described herein constitutes false representations or deceptive means to collect or attempt to collect any debt.

61. Section 1692f *et seq.* of the FDCPA prohibits a debt collector from using unfair or unconscionable means to collect or attempt to collect any debt.

62. Defendants violated 15 U.S.C. § 1692f *et seq.* by attempting to entice Plaintiff and others similarly situated into entering into a monthly payment plan without explaining the possible consequences of doing so.

63. Defendants' conduct as described herein constitutes unfair or unconscionable means to collect or attempt to collect any debt.

64. Defendants' attempt to entice Plaintiff and others similarly situated into a monthly payment plan without explaining the possible consequences of doing so constitutes an unfair or unconscionable means to collect or attempt to collect a debt.

**WHEREFORE,** Plaintiff demands judgment against the Defendant as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and her attorneys as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Pre-judgment interest;

(d) Post judgment interest; and

(e) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(f) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated: March 3, 2016

                *s/ Joseph K. Jones*
                Joseph K. Jones, Esq.
                JONES, WOLF & KAPASI, LLC
                375 Passaic Avenue, Suite 100
                Fairfield, New Jersey 07004
                (973) 227-5900 telephone
                (973) 244-0019 facsimile
                jkj@legaljones.com

                *s/ Glen Chulsky*
                Glen Chulsky, Esq.
                JONES, WOLF & KAPASI, LLC
                375 Passaic Avenue, Suite 100
                Fairfield, New Jersey 07004
                (973) 227-5900 telephone
                (973) 244-0019 facsimile

                */s/ Lawrence C. Hersh*
                Lawrence C. Hersh
                Attorney at Law
                17 Sylvan Street, Suite 102B
                Rutherford, New Jersey  07070
                Tel:  (201) 507-6300
                Fax: (201) 507-6311

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

                */s/ Joseph K. Jones*
                Joseph K. Jones

## **CERTIFICATION PURSUANT TO LOCAL RULE 11.2**

I, Joseph K. Jones, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: March 3, 2016

                                                *s/ Joseph K. Jones*_____
                                                Joseph K. Jones, Esq.

# Exhibit

# A

# *Welcome.* Your account has a new home.

**mcm** Midland Credit Management, Inc.
2365 Northside Drive, Suite 300, San Diego, CA 92108

**Account Transfer Details:**

Current Owner: Midland Funding LLC
Original Creditor: Fia Card Services, N.A.
Original Account Number:
MCM Account Number:
Current Balance: $14,103.47
New Consumer Discount Offer: 40% off balance

008
P2T14  Shelly Gabay

10-02-2015

Dear Shelly,

Welcome! On 08-13-2015, your Fia Card Services, N.A. account was sold to MIDLAND FUNDING LLC, which is now the sole owner of this debt. Midland Credit Management, Inc. ("MCM"), a debt collection company, will be collecting on, and servicing your account, on behalf of MIDLAND FUNDING LLC.

As a new consumer, we'd like to offer you a 40% discount on the balance. Pay $8,462.08 by 11-16-2015 and save $5,641.38. Read on and take a minute to get to know us.

**Your experience with MCM will be different. Period.**

**What to expect from MCM:**
Now that we are servicing the account, we have assigned the account an MCM Account Number, 8566761219. MCM will reach out to you by phone and mail over the months to come. We also have a website, www.midlandcreditonline.com, where you can login using your MCM account number to view account details.

**MCM, a partner you can trust.**
We value your experience and understand that managing debt can be a difficult process! That is why we set standards for how you are to be treated while working with us. Visit www.midlandcreditonline.com to learn about our *Consumer Bill of Rights* or call (855) 977-1969 to experience the difference for yourself.

**Next Steps... You Choose.**

**Option 1:** Resolve the account and pay only $8,462.08!
With this option, SAVE $5,641.38 if you pay by 11-16-2015.

**Option 2:** Make 12 monthly payments of $881.46.
That's 25% off your current balance due.

If these options don't work for you, call one of our Account Managers at (855) 977-1969 to set up a payment plan that works for you. Some plans start as low as $50 a month. *Have a great day and we look forward to hearing from you!*

Sincerely,

Christi Weber, Division Manager

P.S. These payment opportunities do not alter or amend your validation rights as described on the reverse side.

Due to the age of this debt, this account is not being reported on your credit report and payment or non-payment of this debt will not affect your credit score.

*Federal law prohibits certain methods of debt collection, and requires that we treat you fairly. You can stop us from contacting you by writing a letter to us that tells us to stop the contact or that you refuse to pay the debt. Sending such a letter does not make the debt go away if you owe it. Once we receive your letter, we may not contact you again, except to let you know that there won't be any more contact or that we intend to take a specific action.*

*If you have a complaint about the way we are collecting this debt, please write us at 2365 Northside Drive, Suite 300, San Diego, CA 92108, email us at customerservice@mcmcg.com, or call us toll-free at 1-800-825-8131 between Mon–Fri 5:00am–4:30pm PST.*

*The Federal Trade Commission enforces the Fair Debt Collection Practices Act (FDCPA). If you have a complaint about the way we are collecting your debt, please contact the FTC online at www.ftc.gov; by phone at 1-877-FTC-HELP; or by mail at 600 Pennsylvania Ave., N.W., Washington, D.C. 20580.*

We are not obligated to renew this offer. We will report forgiveness of debt as required by IRS regulations. Reporting is not required every time a debt is canceled or settled, and might not be required in your case.

Hours of Operation:
M – Th: 5:00am – 9:00pm PST
Fri: 5:00am – 4:30pm PST
Sat: 5:00am – 4:30pm PST
Sun: 5:00am – 9:00pm PST

 Call: (855) 977-1969

Pay Online at: www.midlandcreditonline.com

 Mail: Payment Certificate

## Account at a Glance

| Current Balance: | New Consumer Discount Offer: | Pay Today and Save: |
|---|---|---|
| $14,103.47 | $8,462.08 | $5,641.38 |
| Call: | Purchase Date: | Offer Expiration Date: |
| (855) 977-1969 | 08-13-2015 | 11-16-2015 |

PLEASE SEE REVERSE SIDE FOR IMPORTANT DISCLOSURE INFORMATION

Please understand this is a communication from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose.

**PLEASE SEE REVERSE SIDE FOR IMPORTANT DISCLOSURE INFORMATION**

**Calls to and/or from this company may be monitored or recorded.**

The records associated with the Fia Card Services, N.A. account purchased by MIDLAND FUNDING LLC, reflect that you are obligated on this account, which is in default.

As the owner of this account, but subject to the rights described below, MIDLAND FUNDING LLC is entitled to payment of this account. All communication regarding this account should be addressed to MCM and not the previous owner.

Unless you notify MCM within thirty (30) days after receiving this notice that you dispute the validity of the debt, or any portion thereof, MCM will assume this debt to be valid.

If you notify MCM, in writing, within thirty (30) days after receiving this notice that the debt, or any portion thereof, is disputed, MCM will obtain verification of the debt or a copy of a judgment (if there is a judgment) and MCM will mail you a copy of such verification or judgment.

If you request, in writing, within thirty (30) days after receiving this notice, MCM will provide you with the name and address of the original creditor.

If an attorney represents you with regard to this debt, please refer this letter to your attorney. Likewise, if you are involved in an active bankruptcy case, or if this debt has been discharged in a bankruptcy case, please refer this letter to your bankruptcy attorney so that we may be notified.

Please remember, even if you make a payment within thirty (30) days after receiving this notice, you still have the remainder of the thirty (30) days to exercise the rights described above.

**RETAIN THE FOLLOWING ADDRESS INFORMATION FOR YOUR RECORDS:**

**Communications concerning disputed debts, including an instrument tendered as full satisfaction of a debt, are to be sent to:** 2365 Northside Drive, Suite 300, San Diego, CA 92108; Attn: Consumer Support Services.
**MAIL PAYMENTS TO:** P.O. Box 60578, Los Angeles, CA 90060-0578
**MAIL CORRESPONDENCE BUT NO PAYMENTS TO:** 2365 Northside Drive, Suite 300, San Diego, CA 92108
**MAIL CREDIT REPORTING CORRESPONDENCE TO:** MCM CREDIT REPORTING DEPARTMENT, 2365 Northside Drive, Suite 300, San Diego, CA 92108

**We are required under state law to notify consumers of the following rights. This list does not contain a complete list of the rights consumers have under state and federal law:**

**IF YOU LIVE IN COLORADO, THIS APPLIES TO YOU:**
FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE **WWW.COLORADOATTORNEYGENERAL.GOV/CA**

A consumer has the right to request in writing that a debt collector or collection agency cease further communication with the consumer. A written request to cease communication will not prohibit the debt collector or collection agency from taking any other action authorized by law to collect the debt.

Midland Credit Management has a Colorado office with the following address and telephone number: Building B, 80 Garden Center, Suite 3, Broomfield, CO 80020. Telephone number: (303) 920-4763.

**Only physical in-person payments may be accepted at this office location. All payments made via mail should be sent to the following address:** P.O. Box 60578, Los Angeles, CA 90060-0578

**IF YOU LIVE IN MASSACHUSETTS, THIS APPLIES TO YOU:**
NOTICE OF IMPORTANT RIGHTS: You have the right to make a written or oral request that telephone calls regarding your debt not be made to you at your place of employment. Any such oral request will be valid for only ten (10) days unless you provide written confirmation of the request postmarked or delivered within seven (7) days of such request. You may terminate this request by writing to Midland Credit Management, Inc.

**IF YOU LIVE IN MINNESOTA, THIS APPLIES TO YOU:**
This collection agency is licensed by the Minnesota Dept. of Commerce.

**IF YOU LIVE IN NEW YORK CITY, THIS APPLIES TO YOU:**
New York City Department of Consumer Affairs License Number 1140603, 1207829, 1207820, 1227728, 2022587, 2023151, 2023152, 2027429, 2027430, 2027431

**IF YOU LIVE IN NORTH CAROLINA, THIS APPLIES TO YOU:**
North Carolina Department of Insurance Permit #101659, #4182, #4250, #3777, #111895, and #112039. Midland Credit Management, Inc. 2365 Northside Drive, Suite 300, San Diego, CA 92108.

**IF YOU LIVE IN TENNESSEE, THIS APPLIES TO YOU:**
This collection agency is licensed by the Collection Service Board of the Department of Commerce and Insurance.

**IF YOU LIVE IN CALIFORNIA, THIS APPLIES TO YOU:**
The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or http://www.ftc.gov.

"Nonprofit credit counseling services may be available in the area."